**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW W. SHALABY; SONIA DUNN-RUIZ,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>NEWELL BRANDS INC., on behalf of the defendant formerly known as Bernzomatic, an unincorporated division of Irwin Industrial Tool Company, and Newell Operating Company,<br><br>Defendant - Appellee,<br><br>and<br><br>BERNZOMATIC, an unincorporated division of Irwin Industrial Tool Company; et al.,<br><br>Defendants. | No. 24-679<br><br>D.C. No. 3:11-cv-00068-AJB-DHB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 17, 2025

Before:      PAEZ, CHRISTEN, and KOH, Circuit Judges.

Andrew W. Shalaby, a pro se attorney, and Sonia Dunn-Ruiz, represented by Shalaby, appeal from the district court's orders denying post-judgment relief and imposing sanctions in Shalaby's diversity action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in declining to lift the pre-filing order nunc pro tunc as to Dunn-Ruiz. *See Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (setting forth standard of review and explaining that a Federal Rule of Civil Procedure 60(b)(6) motion must show "extraordinary circumstances" to justify relief); *see also* Fed. R. Civ. P. 65(d)(2) (setting forth who may be subject to an injunction).

The district court did not abuse its discretion in denying Shalaby's motion to terminate the pre-filing order as to himself because Shalaby did not demonstrate a basis for such relief. *See SEC v. Coldicutt*, 258 F.3d 939, 941-42 (9th Cir. 2001) (setting forth standard of review and discussing conditions under which a district court may modify a court order under Federal Rule of Civil Procedure 60(b)(5)).

The district court did not abuse its discretion in imposing a monetary

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sanction on Shalaby because Shalaby willfully disobeyed the district court's order regarding further frivolous motions. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1087-90 (9th Cir. 2021) (setting forth standard of review and requirements for sanctions under the district court's inherent authority).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion (Docket Entry No. 13) to deem timely the notice of appeal of the sanction matter is denied as unnecessary because Shalaby filed an amended notice of appeal.

**AFFIRMED.**